IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SAMANTHA BEAL, f/k/a STEVE W. BEAL, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 04-2161 D/An |
| SECURITY FIRE PROTECTION, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff Samantha Beal's Motion to Amend the Pleadings filed on October 13, 2005. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

This matter involves a claim of employment discrimination under Title VIII of the Civil Rights Act of 1964. Plaintiff filed her first Complaint on March 9, 2004, proceeding *pro se*. In her Memorandum of Law filed with her Motion to Amend, Plaintiff argues that she has "confirmed certain elements found in original claim from proper discovery." Pl.'s Memo. p. 1. Specifically, Plaintiff alleges that during the deposition of Ronnie Smith, Sr., Mr. Smith confirmed certain as alleged in the original Complaint that she had labeled as "To the Best of my Knowledge." Arguing that these elements have now been confirmed as fact, Plaintiff asks this

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

Court to allow her to amend her original Complaint. Defendant, on the other hand, points out that the Plaintiff has waited five (5) months since the deposition of Mr. Smith to move to amend her Complaint, and that an amendment at this time would be prejudicial to it as the trial is quickly approaching.

## ANALYSIS

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Once it has been filed, a pleading may be amended "only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Prejudice exists if the proposed amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.* at 662-63. In addition, while delay should not be the only reason for denying an amendment to a pleading, it can be considered by the Court. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001).

The Plaintiff's states that she learned from the deposition of Mr. Smith that "certain elements of Plaintiff's complaint brief, known as, "To the Best of my Knowledge", has [sic] been

identified and admitted as FACT." Pl.'s Mtn. p. 1. The Court interprets this to mean that the Plaintiff has elicited testimony during discovery that supports some of the allegations contained in the Complaint. Although a party must comply with Rule 8 of the Federal Rules of Civil Procedure, she is not required to "specifically plead the factual support for all [her] allegations, but only to provide notice to [her] adversary of the nature of [her] claim." *Asmar v. Detroit News, Inc.*, 836 F.2d 1347 (6th Cir. 1988). The Plaintiff's original Complaint does, in fact, contain a "short and plain statement" of Plaintiff's claims and gives notice to the Defendant of them and thus an amendment stating that allegations contained in the original Complaint have now been confirmed as fact is unnecessary.

Furthermore, the Court also concludes that the proposed amendment is untimely and it would be prejudicial to the Defendant. Discovery in this matter was completed in August of this year and the trial is scheduled to begin on December 19, 2005. The Plaintiff offers no explanation in her motion as to why she waited until now, almost five (5) months after Mr. Smith's deposition and almost ten (10) months after the deadline for amending pleadings has passed, to seek amendment of the Complaint. According to the Defendant's Response, it has used the five months since Mr. Smith's deposition to prepare a defense based upon the allegations raised by the Plaintiff in her original Complaint. Def.'s Resp. p. 2. Because discovery has closed and the trial date is less than a month away, it cannot reasonably be said that allowing the amendment would not be prejudicial to the Defendant.

3

## CONCLUSION

For the foregoing reasons, the Court concludes that the Motion to Amend the Pleadings shall be **DENIED**.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: December 02, 2005

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 40 in case 2:04-CV-02161 was distributed by fax, mail, or direct printing on December 7, 2005 to the parties listed.

---

Samatha Anne Beal
1000 Sutton Place Pl. # 514
Horn Lake, MS 38637

James B. Summers
ALLEN SUMMERS SIMPSON LILLIE & GRESHAM, PLLC
80 Monroe Ave.
Ste. 650
Memphis, TN 38103--246

Mark Anthony Lambert
ALLEN SUMMERS SIMPSON LILLIE & GRESHAM, PLLC
80 Monroe Ave.
Ste. 650
Memphis, TN 38103--246

Honorable Bernice Donald
US DISTRICT COURT