**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

FILED BY ___ D.C.
05 DEC 12 AM 7:33
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

SAMANTHA A. BEAL,

Plaintiffs,

VS. NO. 04-2161-D/An

SECURITY FIRE PROTECTION, INC.,

Defendants.

**JOINT PRETRIAL ORDER**

IT APPEARS TO THE COURT, that the parties have agreed, as evidenced by the signatures of counsel below, to the entry of the following as the Pretrial Order in this matter.

IT IS THEREFORE ORDERED, that the trial of this matter shall be conducted based on the following:

1. Jurisdiction. Jurisdiction is proper with this Court pursuant to 28 U.S.C. §133, as Plaintiff has alleged a cause of action arising under the laws of the United States.

2. Pending Motions. The Plaintiff has filed a Motion to Amend her Complaint [docket entry #30]. The moving party believes her motion should be granted and opposing party believes this motion should be denied.

Additionally, after all discovery is completed on November 30, 2005, the Defendant contemplates filing a Motion to Extend the Deadline for filing Dispositive Motions in order that the Defendant may file a Motion for Summary Judgment. It is presumes that the Plaintiff will oppose this motion.

3. Summary of the Case. A statement of the case attached as Exhibit A.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12/13/05



4. **(A) Contentions of the Plaintiff**

The Plaintiff contends that she was fired based her decision to transition from a male to a female and that said termination was in violation of the Civil Rights Act of 1964.

**(B) Contentions of the Defendant**

Plaintiff was terminated from Security Fire on October 27, 2003 for insubordination and dishonesty. Plaintiff was fired because she presented a forged document from her psychologist claiming that she had had an appointment on October 21, 2003. When the Human Resources Director attempted to verify this doctor's excuse and found that it was a forgery, the Plaintiff was terminated for insubordination and dishonesty.

The Defendant denies that it engaged in any discriminatory practices and denies that it in any way violated the Plaintiff's Civil Rights.

5. Uncontested Facts. A statement of uncontested facts is attached as Exhibit B.

6. Contested Issues of Facts. The following is a joint statement of contested issues of fact.

A. Whether Security Fire violated any federal law when they terminated the Plaintiff;

B. Whether Plaintiff was terminated for insubordination and dishonesty.

C. Whether the Plaintiff was terminated for not presenting herself as a "stereotypical male."

7. Contested Issues of Law. The parties identify the following as the contested issues of law to be determined in this action:

(a.) Whether Plaintiff has standing to maintain this action.
(b) Whether Defendant's termination of the Plaintiff amounted to any form of discrimination under Title VII of the Federal Civil Rights Act.
(c) Whether the Defendant's termination of the Plaintiff amounted to a defensible legitimate non-discriminatory reason based on the Plaintiff's conduct.
(d) Whether the Plaintiff is in a protected category under Title VII.

(e) Whether Plaintiff has proven a prima facie case for violations under Title VII when Plaintiff was laid off from his position at Security Fire and subsequently re-hired by Defendant after Plaintiff had begun living, working and dressing as a female.

8. Trial Exhibits. A Joint Exhibit List reflecting all documents included on any party's pretrial exhibit list is attached as Exhibit C. This list is not intended to reflect exhibits that the parties may offer for rebuttal or impeachment purposes.

9. Demonstrative Exhibits. Regarding demonstrative exhibits to be used at trial, the parties have agreed that demonstrative exhibits shall be presented to each party for its review no later than 5:00 p.m. on December 16, 2005. The parties request that they be given an opportunity to lodge objections to proposed demonstrative exhibits, if any, at the beginning of each trial day outside the presence of the jury.

10. Plaintiff's Witness List. Plaintiff expects to call no witnesses (either fact or expert) in her case in chief, in person or by deposition, the following witnesses in their case-in-chief in this matter:

Defendant Witness List. The Defendant expects to call (either in person or by deposition), the following witnesses to their case in chief in this matter:

Defendant may call the following witnesses:

Cheryl Dennison
Alan Chafin
Ronnie Smith
Custodian of Records, Tennessee Department of Labor & Workforce Development;
Dr. Rebecca Caperton

11. Deposition Testimony.

1. Excerpts from the deposition of Ronnie Smith

12. Estimated Length of Trial. The parties estimate that this trial should take approximately 2 days.

13. Jury Demand. The Defendant alleges that this trial should be conducted without a jury because the issues involved are those of law and not fact. The Plaintiff contends that the issues involved are questions of fact and that the Court should allow a jury.

14. Interested attorneys. The attorneys interested in the case are as follows:

Defendant's counsel: Mark A. Lambert, Allen, Summers, Simpson, Lillie & Gresham, 80 Monroe Ave., Ste. 650, Memphis, TN 38103

Plaintiff's counsel: Plaintiff is Pro Se
Samantha W. Beal, 1000 Sutton Place #514, Horn Lake, MS 38637

Copies of the letterhead of counsel for Defendant is attached as Exhibit D.

15. The Parties shall provide copies to each other and to the Court of "special questions" to be read to the voir dire prior to December 9, 2005.

16. Special Equipment Requests. At trial, the parties request that the Court's technical equipment be made available for the presentation of evidence at trial including: document camera, digital projector, and monitors for the judge, jurors, witnesses, attorney for Defendant, and the Plaintiff.

ENTERD this 9th day of December, 2005.

[signature]

DATE: 12-9-2005

APPROVED FOR ENTRY:

Samantha Beal by ML after consult via phone

SAMANTHA BEAL
Pro Se Plaintiff
1000 Sutton Place #811
Horn Lake, MS 38637
(901) 826-8622

MARK A. LAMBERT (#022509)
Counsel for Defendants
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
(901) 763-4200

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

SAMANTHA A. BEAL,

Plaintiffs,

VS. NO. 04-2161-D/An

SECURITY FIRE PROTECTION, INC.,

Defendants.

---

**EXHIBIT A**
**SUMMARY OF THE CASE**

---

The Plaintiff was hired as a truck driver in July of 2001, by the Defendant, Security Fire Protection, Inc., in Memphis, Shelby County, Tennessee. At that time the Plaintiff was known as Steven Beal and was dressing and living as a male. The Plaintiff was laid off in March, 2003, due to cut backs. The Plaintiff was re-hired in June, 2003. At the time the Plaintiff was re-hired, she was acting, living, working and dressing as a woman. She informed her Human Resources Director that she would be acting and dressing as a woman during the remainder of her employ. The Plaintiff was terminated approximately 4 ½ months later. The reason cited by her Human Resources Director for her termination was insubordination and dishonesty.

Approximately 6 days prior to her termination, on October 21, 2003, the Plaintiff did not report to work with Security Fire. The Plaintiff then presented a document to her employer that appeared to be a doctor's excuse from her psychologist indicating that she had had an appointment on October 21, 2003. Upon attempting to verify this doctor's excuse, Cheryl Dennison was told by the office of Dr. Rebecca Caperton that the doctor's excuse had not been

issued by that office and that the Plaintiff had not had an appointment on that date. Plaintiff was then terminated.

After being fired, Plaintiff filed a claim with the EEOC for sexual discrimination and after that claim was denied, she was issued a right to sue letter from the EEOC and filed the subject lawsuit. The Plaintiff contends that she was fired for her gender transaction and that she was sexually harassed.

Defendant denies these claims.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SAMANTHA A. BEAL,

Plaintiffs,

VS. NO. 04-2161-D/An

SECURITY FIRE PROTECTION, INC.,

Defendants.

**EXHIBIT B**
**UNCONTESTED FACTS**

1. On March 9, 2004, Plaintiff, Samantha Beal, filed a lawsuit against her former employer alleging that she was terminated because of her sex. (Plaintiff's Complaint, par. 9).

2. Plaintiff alleged that she was fired after having made a lifestyle decision to transition from a male to a female and this transition was in violation of Title VII. (Plaintiff's Complaint, par 10)

3. Plaintiff was hired as a truck driver in July, 2001, by the Defendant at the Defendant's place of business in Memphis, Tennessee. (Plaintiff's Complaint, pars. 3 & 4; Deposition of Samantha Beal, pg. 12, lines 3 - 5).

4. Plaintiff was laid off on March 28, 2003, due to budget cut backs. She was re-hired on June 2, 2003. (Plaintiff's Complaint, par. 10).

5. At the time Plaintiff was re-hired, she was acting and dressing as a woman. She informed her human resources director that she would be acting and dressing as a woman. (Plaintiff's Complaint, par. 10).

6. Plaintiff was terminated from Security Fire Protection, Inc., on October 27, 2003, for insubordination and dishonesty. (Deposition of Samantha Beal, pg. 17, lines 7 - 9; Affidavit of Cheryl Dennison, par. 6).

7. The Plaintiff was aware of the disciplinary measures of Security Fire and had received a handbook on the disciplinary measures and acknowledged the handbook with her signature. (Deposition of Samantha Beal, pg. 27, lines 1 - 11).

8. On October 21, 2003, the Plaintiff did not report to work with Security Fire Protection, Inc. (Deposition of Samantha Beal, pg. 41, lines 14 - 17).

9. The Plaintiff was contacted by the Human Resources Director, Cheryl Dennison, and the Plaintiff informed Ms. Dennison that she had a doctor's appointment on that day and therefore was not coming to work. (Deposition of Samantha Beal, pg. 41, lines 18-22).

10. The Plaintiff presented a document to her employer that appeared to be a doctor's excuse from a psychologist indicating that she had an appointment on October 21, 2003. (Deposition of Samantha Beal, pg. 40, lines 15 through pg. 41 line 12; Deposition of Samantha Beal, pg. 42, lines 7 - 9; Affidavit of Cheryl Dennison, pars. 5, 6 and 7).

11. Cheryl Dennison, as Director of Human Resources, verifies all doctor's excuses presented by employees of Security Fire Protection, Inc. (Affidavit of Cheryl Dennison, par. 5).

12. The Plaintiff has not been a patient of Dr. Caperton since April 17, 2003, and has not made any appointments since that date. (Affidavit of Dr. Rebecca Caperton, pars., 3, 4 and 5).

13. The letter presented to the Plaintiff's employer by the Plaintiff purporting to be an excuse from the office of Dr. Rebecca Caperton was not produced by the office of Dr. Caperton but in fact was a forgery. (Affidavit of Dr. Rebecca Caperton, pars., 3, 4 and 5).

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

SAMANTHA A. BEAL,

Plaintiffs,

VS. NO. 04-2161-D/An

SECURITY FIRE PROTECTION, INC.,

Defendants.

---

**EXHIBIT C**

---

A. Plaintiff's personnel file and related personnel documents.

B. Employee Handbook of Defendant that was issued to Plaintiff.

C. All documents and things identified by Plaintiff and those identified in Depositions and discovery in this case.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 44 in case 2:04-CV-02161 was distributed by fax, mail, or direct printing on December 13, 2005 to the parties listed.

---

Mark Anthony Lambert
ALLEN SUMMERS SIMPSON LILLIE & GRESHAM, PLLC
80 Monroe Ave.
Ste. 650
Memphis, TN 38103--246

Samatha Anne Beal
1000 Sutton Place Pl. # 514
Horn Lake, MS 38637

James B. Summers
ALLEN SUMMERS SIMPSON LILLIE & GRESHAM, PLLC
80 Monroe Ave.
Ste. 650
Memphis, TN 38103--246

Honorable Bernice Donald
US DISTRICT COURT